**Melinda C. SHAW, Plaintiff,**

v.

**MAST ADVERTISING AND PUBLISHING, INC., Defendant.**

**Civ. A. No. 87–2554–O.**

United States District Court, D. Kansas.

Feb. 26, 1990.

Dennis E. Egan, Popham, Conway, Sweeny, Fremont and Bundschu, P.C., Kansas City, Mo., John B. Gage, II, Overland Park, Kan., for plaintiff.

Mick Lerner, Heather S. Woodson, Stinson, Mag & Fizzell, Overland Park, Kan., for defendant.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

Before the court in this matter are the parties' supplemental briefs on the issue of equitable relief and plaintiff's motion for clarification.

By order dated December 19, 1989, the court directed counsel to brief the issue of whether plaintiff waived any claim for equitable relief by refusing an unconditional offer of reemployment by defendant. *See Giandonato v. Sybron Corp.,* 804 F.2d 120, 125 (10th Cir.1986). Defendant indicates that its original argument that plain-

tiff should be reinstated to her former position rather than awarded front pay should not be construed as an unconditional offer of reinstatement. Accordingly, the court will address the merits of plaintiff's claim for equitable relief.

Reinstatement, rather than front pay, is the preferred remedy under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq. Blim v. Western Elec. Co.,* 731 F.2d 1473, 1479 (10th Cir.), *cert. denied,* 469 U.S. 874, 105 S.Ct. 233, 83 L.Ed.2d 161 (1984). In the case at bar, plaintiff testified that she felt reinstatement was inappropriate, given the adverse tenor of remarks made by former fellow employees about her during the trial of this case. Testimony of Melinda C. Shaw. However, these asserted grounds are insufficient to justify front pay. *Compare Spulak v. K Mart Corp.,* 894 F.2d 1150 (10th Cir.1990) (reinstatement not appropriate where, in advance of litigation, *employer* exhibited extreme hostility to plaintiff by initiating investigation against him and stating that it would find some way of firing plaintiff). The uncontroverted testimony at the October 27, 1989, hearing was that, of those in the chain of command above plaintiff at the time of her termination, only defendant's president, Ron Kennedy, would necessarily have authority over plaintiff, if she returned to her former job. Testimony of Susan Brown. Kennedy's daily involvement with the employees at plaintiff's level is, at best, minimal. *Id.* In light of these facts, the court finds that, as a practical matter, a productive and amicable working relationship is possible. Therefore, reinstatement is appropriate and front pay is not warranted. *See Anderson v. Phillips Petroleum Co.,* 861 F.2d 631, 638 (10th Cir.1988). Defendant is hereby directed to offer plaintiff reinstatement to the position from which she was terminated.

With respect to plaintiff's motion for clarification of the court's award of attorney's fees, the figure of $47,640.00 reflected a deduction of one-third from the total amount of both fees and expenses claimed by plaintiff. As to plaintiff's supplemental request for attorney's fees, the court finds the number of attorney hours claimed to be excessive; in addition, plain-

tiff's success on her prayer for equitable relief has also been limited. Accordingly, the court reduces the requested supplemental fee award by one-third and hereby awards plaintiff supplemental attorney's fees of $1,541.00.

IT IS SO ORDERED.